# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

HUDDLESTON *v.* BERNSTEIN.

Opinion delivered March 7, 1921.

1. SALES—ACCEPTANCE BY BUYER.—A buyer can not be required to accept goods of substantially different value from those ordered by him.

2. SALES—DELIVERY TO CARRIER.—The rule that the seller's delivery of goods to a carrier is delivery to the buyer is inapplicable where the goods .· ᵈᵒˡivered substantially differ in value from those orderea.

3. SIGNATURES—SIGNING BY MARK—PRESUMPTION.—Where a buyer's ᵉⁱᵍnature to an order, made by mark, was not witnessed as required by statute, and was not admitted by the buyer, the order is not *prima facie* evidence of a written contract.

Appeal from Pike Circuit Court; *J. S. Steel,* Judge; reversed.

*J. C. Pinnix* and *O. A. Featherston,* for appellant.

..ₒ error to direct a verdict for the plaintiff, as there was evidence for a jury to pass upon and the evi-.... was conflicting. 73 Ark. 761; 76 *Id.* 520. Where · · is any evidence to establish an issue, it is error to ι·.·· ·· .·.· from the jury. 63 Ark. 94; 77 *Id.* 556; 36 ; 35 *Id.* 146; 62 *Id.* 63; 84 *Id.* 57. Where there is · conflict of evidence, the question is for a jury. 38 υ·. ·'0. Where there is any evidence to establish an issue, it is error to take the case from the jury. 89 Ark. · . . *Id.* 368: 39 *Id.* 491; 99 *Id.* 490; 97 *Id.* 438. Where

the evidence is conflicting, the question is always for the jury. 101 Ark. 376; 105 *Id.* 213; 97 *Id.* 438; 98 *Id.* 334; 96 *Id.* 379. See, also, 23 Ark. 115; 99 *Id.* 490; 85 *Id.* 390; 112 *Id.* 507; 91 *Id.* 383; 102 *Id.* 460; 76 *Id.* 88; 71 *Id.* 445; 72 S. W. 220; 210 U. S. 281, 52 Law Ed. 1061; 119 Ark. 581; 120 *Id.* 206; 98 *Id.* 334, 370; 34 L. R. A. (N. S.) 1200.

If there is any evidence to sustain an issue, it is error to direct a verdict, but a case for a jury is made. 37 Ark. 164; *Ib.* 230; *Ib.* 580; 35 Ark. 146; 33 *Id.* 350; 36 *Id.* 451; 89 *Id.* 368; 97 Ark. 643; 103 *Id.* 401.

*W. T. Kidd,* for appellee.

The court properly directed a verdict, as there was no controversy for a jury. 89 Ark. 124; 69 *Id.* 489. There is no error in the instructions. 69 Ark. 489; 89 *Id.* 178.

HUMPHREYS, J. This suit was commenced by appellee against appellant on the 31st day of August, 1920, before a justice of the peace in Pike County, upon a verified account based upon an alleged order for roof paint, of date October 16, 1918. The trial in the magistrate's court resulted in a dismissal of the suit, from which an appeal was prosecuted to the circuit court. The cause proceeded to a hearing in that court, and, when the evidence had been concluded, the court sent the case to the jury, over the objection of appellant, on the sole issue of whether appellant was indebted to appellee in the sum of $89 or $99.50. The jury returned a verdict for $89. A judgment was rendered in accordance with the verdict, from which is this appeal.

The order made the basis of the suit was signed as follows:

his
"J. W.   x   Huddleston."
mark

The signature by mark was not witnessed as required by the statutes of this State. The materials specified in the order total $99.50 and were to be shipped to Mur-

freesboro, Arkansas, f. o. b. destination; terms, net, thirty days, or two per cent. discount if paid within ten days from date of invoice.

S. R. Graham testified that appellant told him he had ordered roof paint to cover the house he (Graham) was living in, which was then at the depot, but that the bill for it was wrong, being for a greater amount than he ordered; that appellant requested him to write to appellee and explain the error; that he complied with the request.

Appellant testified, in substance, that he could not read or write, and that he had no recollection of having signed an order; that, if the order introduced in evidence covered the materials to the amount of $99.50, it had been changed and was not the order given by him; that, upon receipt of the bill of lading, he notified appellee by letter that the shipment of roof paint exceeded in value the order made, and that he had refused acceptance of the order on that account and would not accept the shipment unless made to correspond in value with the order made by him; that he received no answer to the letter.

The effect of the instruction of the court was to peremptorily direct a verdict against appellant in a sum not less than $89. This was error, because it took from the jury the issue presented by the evidence as to whether appellant was indebted to appellee in any sum. Appellant interposed the defense that he was not indebted to appellee in any sum unless the shipment substantially conformed to the order made by him. This was a good defense, for a purchaser can not be required to accept goods of substantially different value from those ordered by him. The court instructed the jury upon the theory that a delivery of the goods to the carrier was a delivery to appellant. This assumption would have been correct had the shipment substantially corresponded with the order, but was incorrect if the shipment materially differed from the order. Appellant testified that he only ordered $89 worth of roof paint; whereas, the shipment

was for roof paint in the value of $99.50. The court should have instructed the jury to return a verdict for appellant if the order given by him was for only $89 worth of roof paint. Appellee contends, however, that the peremptory instruction was correct because appellant was bound on the written order which specified roof paint in the amount of $99.50. This position is not sound because the order introduced in evidence was not signed by appellant in the manner required by the statutes of this State for signatures by mark. Unless admitted or so signed, it could not be regarded as even *prima facie* evidence of a written contract.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.